


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JESSIE WAYNE PILLETTE,       )
                             )
        Plaintiff,           )      Case: 1:12-cv-14676
                             )      Judge: Ludington, Thomas L.
                             )      MJ: Michelson, Laurie J.
                             )      Filed: 10-23-2012 At 12:47 PM
                             )      PRIS JESSIE PILLETTE V REMINGTON AR
                             )      MS COMPANY (LG)
                             )
-Vs-                         )
                             )
                             )      **JURY DEMAND**
                             )
                             )
REMINGTON ARMS COMPANY,      )
                             )
        Defendant.           )
_____)


**CIVIL RIGHTS COMPLAINT**
**42 U.S.C. §1983**




                                    Jessie W. Pillette #427155
                                    In Propria Persona
                                    Carson City Corr. Fac.
                                    10274 Boyer Rd.
                                    Carson City, Mi 48811

**(Preliminary Statement)**

This civil rights action filed by Jessie Wayne Pillette, a State prisoner for damages, actual damages, punitive damages, and compensitory damage awards, under 42 U.S.C. §1983, alleging the " denial of access to the courts " in violation of the First Amendment to the US Constitution, and the State Torts of " Negligence " and " Gross Negligence."

**(Jurisdiction)**

1. The court has jurisdiction over plaintiff's claims of violation of his federal constitutional rights under 42 U.S.C. §§ 1331(a) and 1343.

2. The court has supplemental jurisidiction over plaintiff's State law tort claims under 28 U.S.C. §1367.

**(Parties)**

3. Jessie Wayne Pillette#427155, is the plaintiff, resident of Lincoln Park, Michigan. Currently a State Prisoner incarcerated at Carson City Corr. Fac. 10274 Boyer Road Carson City, Michigan 48811.

4. Remington Arms Company, 870 Remington Drive, Madison, NC 27025-0700, is named as defendant, and is one of the nations lead firearms manufacture's.

**(Facts)**

5. On August 31, 2003 Plaintiff was arrested in Vanderbilt, Michigan and charged with several criminal offenses. Case#03-002953-FC Otsego County 46th Judicial Circuit Court.

6. During the course of those legal proceedings, it was determined that plaintiff was charged with " assault with intent to murder " contrary to State law, MCL 750.83, for the alleged **Misfire** with a 870 Remington 20 Gauge Shotgun. This assumption was based on a **black circle marking** found on a peters brand shell loaded in the chamber by **officer Nickolas F. Cavanaugh.**

7. On January 22, 2004 plaintiff was convicted of the charged offense based on his " attempt to fire the shotgun " per primer marking. Officer Cavanaugh had testified that the mark was, **in his opinion made by the firing pin in an attempt to fire the gun, and this was due to the barrel not being properly seated**, most likely because the shotgun was store taken apart in a case.

8. On march 8, 2004 plaintiff was sentence to a prsion term of 12-48 years for the charge of assault with intent to murder.

9. Plaintiff was later released from prsion, (2009) due to successful federal habeas proceedings. Pillette V. Berghuis, 630 F.Supp.2d (E.D.Mich.2009); Pillette V. Berghuis, 683 F.Supp.2d 518 (E.D.Mich.2009).

10. Plaintiff was free from incarceration from September 17, 2009 until January 11, 2011 due to the reversal of habeas relief from the Sixth Circuit US Court of Appeals. Pillette V. Berghuis, 408 F.App'x 873 (6th Cir.2010)

**(State law torts)**

11. The defendant's negligence has caused the false incarceration of the plaintiff as the **black circle marking** found on the blastcap/primer of the shell in his case was caused by the **factory press** that **presses the blastcap into the shell casing during the loading process, and sometimes leaves a black grease looking circle.**

12. During plaintiff's freedom, he contacted defendant several times to recieve information about the above facts. Staff at the defendant's company had concluded that the black circle marking was made from their machine, and that this particular shotgun cannot be loaded without the barrel properly seated, and the trigger pulled in this condition. This newly discovered information would prove false testimony of a testifying officer, Nickolas F. Cavanaugh, was introduced in order to secure the conviction of a innocent man. But the defendant stated " **we're sorry we don't keep any criteria about the mark because we never thought anyone would be accused of a misfire, it's simply a mark, not a dent.**" The faliure to provide this information constitute " gross Negligence " as plainntiff was taken back to prison due to the lack of these proof's which could have stopped such unlawful confinement lodged against him.

**(Denial of access to the courts)**

13. Plaintiff raised, the above information, as newly discovered evidence on State post Appeal, and now has pending proceedings in the Michigan Supreme Court. COA case#308680 SCt Case#145021, People V. Pillette.

14. On September 10, 2012 plaintiff contacted the defendant, via US postal services, requesting cure for their negligence, and the info stated in complaint. The complaint was titled as exhaustion of administartive remedies, and informed the defendant that if no action was taken within 30 days of the dat of letter/ customer complaint, the instant action would be filed. The defendant did not provide the requested information, which constitute's " denial of access to the courts " in violation of the First Amendment to the US Constitution, as the plaintiff is being denied an evidentiary hearing in the State courts to make a record of such newly discovered evidence, in lacking the necessary proof's attached to his pleadings. Such as operations of the saide shotgun, info on the machine made marking on the blastcap, or affidavit from defendant.

15. The continued denial of information regarding the operations of the weapons, and machine made tool markings on the defendant's primers/blastcaps constitutes the repeated denial of access to the courts, negligence, gross negligence, and they are liable for injury caused by their products to their customers when such injury results from their waton care of whether a injury results.

**(Exhaustion of Remedies)**

16. On September 10, 2012 plaintiff attempted to find a remedy by filing a customer comaplaint, captioned as exhaustion of administrative remedies and detailing the actions he would take if no response was made within 30 days. See attached **(Appendix A)**

**(Relief)**

WHEREFORE, Plaintiff requests that the court grant the following relief, as deemed appropriate:

A. actual damage awards in the amount plaintiff is found to be entitled in excess of $450,000.oo

B. Punittive damage awards in the amount plaintiff is found to be entitled in excess of $1,000,000.oo

C. Compensatory damage awards in the amount plaintiff is found to be entitled in excess of $100,000,000.oo

D. Plaintiff demands a trial by way of Jury.

E. Grant any other relief as it may appear plaintiff is found to be entitled.

Respectfully Requested,

10-18-12

Date

_Jessie Pillette_

Jessie Wayne Pillette

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JESSIE WAYNE PILLETTE,

    Plaintiff,                               District Court

                                             No.

                                             Hon.
-Vs-

REMINGTON ARMS COMPANY,

    Defendant.

_____/

**APPENDIX A**

Jessie Wayne Pillette#427155
Carson City Correctional Fac.
10274 Boyer Road
Carson City, Mi 48811

CUSTOMER COMPLAINT
EXHAUSTION OF ADMINISTRATIVE REMEDIES

Dear, Remington Arms

    I am filing the enclosed complaint in an attempt to find a remedy to your " gross negligence." In 2003 I was arrested in a small town here in Michigan, and falsely accused of a misfire with a 870 Express 20 Gauge Magnum. This road cop (not expert) gave false testimony regarding the operations of this gun. He claimed because the gun was stored in a case with the barrel off, I may have put the barrel on wrong. Thus the firing pin may not have been able to hit the firing pin with sufficient force. And this may be the cause of the black circle marking on the peters brand shotgun shell loaded in the chamber. The problem with this theory is, you cannot load a bullet into the chamber unless the barrel cap and reciever is properly sealed. If I'm correct, there is a safety feature preventing this built into the pump release. The action will not close without the barrel properly seated as he claimed, and diffently, a bullet cannot be chambered in this alleged status of said weapon. Also, this " black circle " mark on the primer/blastcap of the shell, was made from your machine at the factory that presses the primer into the shell casing during the loading process.

    In 2009 i was released, Pillette V. Berghuis, 630 F.Supp.2d 791 (E.D.Mich 2009); 683 F.Supp.2d 518 (E.D.Mich 2009), but then the federal court of appeals reversed. Pillette V. Berghuis, 408 Fed. App'x 873 (6th Cir. 2010). During this time I talked to your staff on the phone, and was told, " sorry we don't have any criteria for you on the marking because it is simply a mark, and not a dent we never thought anyone would mistake it for a misfire." So I reached out to you people when i was free, researching for a false imprisonment law suit. But now they found a way to stop me. And here I am, your customer serving 48 yrs in prison for your factory made mark on a primer. And you have not done anything. I have a appeal pending in the Michigan Supreme Court rasing this, but the courts are not giving me the proper hearing for it, because you have not provided criteria for me to show.

1

So here I sit in Michigan's prison system serving half a centry for a factory made tool mark, made by the dye on the press. Either the police department was negligent not proving adequate training to this officer, or your negligent for not providing law enforement with the information about the mark. And either way your denying me access to the courts by not providing me with any criteria for this. So I propose a form of (ADR) Alternative dispute resolution, if you will.

I believe you should provide me your customer, with a lawyer since you may be liable. At the very least mail me the criteria about this marking on the shell, and operations/safety features of this weapon, and affidavit from staff in support. After all, your customer is serving 48 yrs in prison for your factory machine or press leaving a black grease looking circle on a bullets primer/blast cap.

If i don't hear anything from this company, or counsel within 30 days of the date of this letter. I will consider this exhaustion of administrative remedies, and file a civil rights complaint in federal court naming Remington arms as defendant. Alleging the state tort or " gross Negligence " and constitutional violation of " denial of Access to the Court " in violation of the First Amendment to the United States Constitution for the failure to provide this criteria. I'd rather not go this route, I believe the cop lied on purpose. But nevertheless, you are responsible to some degree, and obligated to your customers in this kind of sinerio. I look forward to being contacted by your counsel in this matter.

Respectfully Requested,

*Jessie Pillette*

Jessie W. Pillette

CC:
Remington Arms Co.
870 Remington Drive
Madison, NC 27025-0700

Date: September 10, 2012

Technical Center
315 W. Ring Road
Elizabethtown, KY 42701

Ammunition & Components Plant
2592 Arkansas Hwy 15 N
Lonoke, AR 72086

2

| | | |
|---|---|---|
| MICHIGAN DEPARTMENT OF CORRECTIONS **DISBURSEMENT AUTHORIZATION/CATALOG ORDER FORM** | | CAR-100 4835-1100 10/08 |

Prisoners write clearly-illegible/incomplete forms will not be processed.     Date:

| Prisoner Number: | Prisoner's Last Name: | Institution: | Lock Number: |
|---|---|---|---|
| 437155 | Pillette | LMF | 3-707 |

Pay To:    LR

Address: _____

Cost/Amount    $ 1.30

Reason/Description: (If to relative, identify relationship) _legal mail_

**COMPLETE THIS PORTION FOR CATALOG ORDERS ONLY**

| Page No. | Description of Item | Unit | Catalog Number | Color | Size | Qty | Unit Price | Total Price |
|---|---|---|---|---|---|---|---|---|
| | _illegible_ | | | | | | $ | $ .54 |
| | _illegible_ | | | | | | | .45¢ |
| | _illegible_, NC 27415 | | | | | | | .45¢ |
| | | | | | | | | |
| | Technical Center | | | | | | | |
| | _E. Irving Ave_ | | | | | | | |
| | _illegible_ 72701 | | | | | | | |
| | _Animal_ _illegible_ | | | | | | | |
| | 2590 Avenue | | 15N | | | | | |
| | _illegible_ AR 72086 | | | | | | | |

Sub-Total    $ 1.35
Delivery Costs    $ _____
Tax (if applicable)    $ _____
Total Amount Enclosed    $ _____

Prisoner's Signature    Date      Deputy Warden or Authorized Agent    Date

R.U.M. or Authorized Agent    Date      Warden or Authorized Agent    Date

| Code | Actual Expense | Batch Number |
|---|---|---|
| | | |

Distribution: White-Business Office; Canary-Vendor; Pink-Property; Goldenrod-Prisoner

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 12-14676 | Judge: Thomas L. Ludington | Magistrate Judge: Laurie J. Michelson |
|---|---|---|

| Name of 1st Listed Plaintiff/Petitioner:<br>JESSIE | Name of 1st Listed Defendant/Respondent:<br>REMINGTON ARMS COMPANY |
|---|---|
| Inmate Number: 427155 | Additional Information: |
| Plaintiff/Petitioner's Attorney and Address Information: | |
| Correctional Facility:<br>Carson City Correctional Facility<br>10522 Boyer Road<br>Carson City, MI 48811<br>MONTCALM COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____