UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSIE WAYNE PILLETTE,

    Plaintiff,

v.

    Case Number 1:12-CV-14676
    HONORABLE THOMAS L. LUDINGTON
    UNITED STATES DISTRICT JUDGE

REMINGTON ARMS COMPANY,

    Defendant,
_____/

**OPINION AND ORDER DISMISSING
COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)**

Plaintiff Jessie Wayne Pillette is a state prisoner serving a prison term of 12–48 years for assault with intent to murder. On at least three prior occasions, Plaintiff has filed a civil rights complaint in federal court that has been dismissed as frivolous, malicious, or for not stating a claim on which relief may be granted.[1] On October 23, 2012, he filed the civil rights complaint now pending in this Court. Proceeding pro se, he also filed an application to proceed without prepayment of fees.

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), contains a "three strikes" provision that provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [regarding proceeding without prepayment of the filing fee], if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The cases are *Pillette v. County of Otsego*, No. 2:11-CV-12545 (E.D. Mich. August 1, 2011) (Steeh, J.); *Pillette v. County of Otsego*, No. 2:08-CV-11176; 2008 WL 2115243 (E.D. Mich. May 19, 2008) (Taylor, J.); and *Pillette v. Oaks Correctional Facility*, No. 1:06-CV-210; 2006 WL 1313872 (W.D. Mich. May 12, 2006) (Bell, J.).

28 U.S.C. § 1915(g). This provision thus requires a court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id*. The sole exception to this rule is when the complaint alleges facts showing that the prisoner is "under imminent danger of physical injury" as of the date the complaint is filed. *Id*.; *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998).

Here, Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury. Rather, Plaintiff alleges that Defendant's negligence in manufacturing shotgun shells has caused Plaintiff's wrongful incarceration. The complaint must therefore be dismissed pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914.

Finally, because Plaintiff has had three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) preclude any appeal *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805–06 (W.D. Tenn. 1999).

It is **ORDERED** that the application for leave to proceed in forma pauperis (ECF No. 2) is **DENIED**.

It is further **ORDERED** that the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

-3-

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: November 8, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Jessie Pillette, #427155 at Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811 by first class U.S. mail on November 8, 2012.

                    s/Tracy A. Jacobs  
                    TRACY A. JACOBS